HOFFMAN *against* BROWN.

A covenant, that a bond shall not be prosecuted until the happening of a certain event, cannot be pleaded in bar to an action on the bond brought before the time, but a special action may be brought and damages recovered for the breach of the covenant.

This was an action of debt, and on a case stated for the opinion of the court, it appeared, that Brown, the defendant, on the 22d of August, 1795, entered into a bond to Hoffman, in the penalty of $400, with a condition in the usual form, to pay $200 in one year after date. In an action brought upon this bond, the defendant pleaded, that on the same day Hoffman became bound to him, in a bond for the payment of $400, with a special condition annexed, which reciting among other things, that Hoffman had obtained letters of guardianship for one Joseph Kelly, an infant; he, together

with Brown, as his surety, had jointly entered into a bond in the surrogate's office, conditioned for the maintenance and education of the said infant: that in consequence of this suretyship, and in order to indemnify Brown, it was agreed between them, that Hoffman should not prosecute on the bond first mentioned, until Kelly died, or came of age; it being the intention of the parties, that Brown should not be compelled to pay the debt, until it was ascertained whether or not he was to become liable as surety. The plea, after stating these circumstances, and setting out the condition at length, contained an averment, that Kelly was still an infant under age, and in full health.

At Cumberland *Nisi Prius*, the plea was withdrawn, and a judgment confessed to the plaintiff, subject to the opinion of the court on a case stated, containing the foregoing fact. It was argued by

*Giles* and *Griffith*, for the plaintiff. The bond to Hoffman was absolute on the non-payment of the $200 within the year: the facts stated in the plea do not amount to a defeasance, to payment or an offset, but merely an agreement, that the bond is not to be sued until the happening of a certain contingency. The law is clearly settled, that a covenant not to sue within a specified time, cannot be pleaded in bar to an action on the bond, but damages may be recovered for the breach of the agreement. *Deux* v. *Jefferces, Cro. El.* 352; *Carthew* 63; 5 *Bac. Abr.* 683.

*Woodruff,* (attorney-general,) and *Davenport,* contra.

*Per Curiam.* It is a clear case for the plaintff; the law has been long settled.

Judgment for plaintiff.*

* Upon this point, see *Bac. Abr. Release pl.* 17; 18 *Vin. Abr.* 312; 2 *Salk.* 573; *Show,* 46, 12 *Mod.* 551; 1 *Ld. Ray.* 420; *Comb.* 123; *Cuyler* v. *Cuyler,* 2 *John.* 186; 4 *Bin.* 274 *arguendo.*